UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Conservation Law Foundation, Inc., )<br><br>Plaintiff, )<br><br>v. )<br><br>Del R. Gilbert & Son Block Co., Inc. and )<br>Province Road Properties, LLC., )<br><br>Defendants. ) | Case No. 1:18-cv-00835<br><br>**Consent Decree** |

WHEREAS, Plaintiff Conservation Law Foundation, Inc. ("CLF") filed this action on September 17, 2018, against Del R. Gilbert & Son Block Co., Inc. ("Gilbert Block") and Province Road Properties, LLC ("Province Road Properties") (collectively "Defendants") alleging violations of the Clean Water Act 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act"), and seeking declaratory and injunctive relief, civil penalties, and attorney fees and costs; and

WHEREAS, CLF is a regional, nonprofit environmental organization; and

WHEREAS CLF alleged that Gilbert Block and Province Road Properties own and operate a construction sand and gravel and concrete facility located at 427 Province Road, Laconia, NH 03246 (the "Facility"); and

WHEREAS, CLF alleged that the Facility discharged stormwater and process wastewater associated with its industrial activity without a Clean Water Act discharge permit to waters of the United States; and

WHEREAS, CLF alleged in its complaint (the "Complaint") and in a letter (the "Notice Letter") dated July 16, 2018, sent to Gilbert Block and Province Road Properties that Gilbert Block and Province Road Properties violated Sections 301(a) and 402(p)(2)(B) of the Clean Water Act, 33 U.S.C. § 1311(a) and 1342(p)(2)(B); and

WHEREAS, Gilbert Block has implemented both long-standing and other improvements to the properties it uses to address stormwater flows, including but not limited to maintaining a stormwater detention pond, swales, natural barriers and other stormwater management practices; and

WHEREAS, Gilbert Block has engaged a qualified engineering consultant to undertake the preparations necessary to obtain a stormwater discharge permit for the Facility; and

1

WHEREAS, Gilbert Block has developed and implemented a Stormwater Pollution Prevention Plan and will file a Notice of Intent in accordance with regulations under the 2015 Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity for the Facility, and agrees to receive coverage under said General Permit; and

WHEREAS, the parties have stipulated and agreed to the voluntary dismissal with prejudice of all purported claims against Province Road Properties in the above-captioned action;

WHEREAS, CLF and Gilbert Block agrees that resolution of this matter without further litigation is in the best interest of the Parties and the public, and that entry of this Decree is the most appropriate means of resolving this action.

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Gilbert Block of any of the facts, violations, or liability alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). An actual, justiciable controversy exists between Plaintiff and Defendants. The requested relief is proper under 28 U.S.C. § 2201, 28 U.S.C. § 2202 and 33 U.S.C. § 1365(a).

2.    Venue is properly vested in this Court pursuant to 33 U.S.C. § 1365(c)(1) because the alleged events giving rise to this action occurred at the facility, located at 427 Province Road in Laconia, New Hampshire, which is located within this judicial district.

## II.    COMPLIANCE PROGRAM

3.    Gilbert Block shall comply with the Clean Water Act and shall not cause or allow discharges from the Facility, unless consistent with federal statutory and regulatory requirements and permits.

4.    Gilbert Block shall obtain and maintain coverage under the United States Environmental Protection Agency ("EPA") National Pollutant Discharge Elimination System ("NPDES") 2015 Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity ("MSGP") and shall comply with the MSGP at the Facility. The MSGP, as it may be updated from time to time, is incorporated into this Consent Decree by reference.

5.    Within thirty (30) days after the date on which this Consent Decree is entered by the Court (the "Effective Date"), Gilbert Block shall develop a stormwater pollution prevention plan ("SWPPP") in accordance with Parts 5 and 8.E of the MSGP. Gilbert Block shall implement the provisions of its SWPPP at the Facility.

6.      Gilbert Block has retained a qualified engineering consultant to develop its SWPPP. Gilbert Block shall incorporate the consultant's recommendations in its SWPPP.

7.      Gilbert Block shall provide a copy of its SWPPP to CLF for its information within thirty (30) days of the Effective Date.

8.      Gilbert Block shall implement and maintain stormwater control measures, in accordance with Part 2.1 of the MSGP, to meet numeric and non-numeric effluent limits and benchmark levels.

9.      Gilbert Block shall implement and maintain stormwater control measures that include site-specific best management practices ("BMPs") as described in the SWPPP, as may be amended from time to time.

10.     Wherever feasible, in its sole discretion, Gilbert Block will design, install, and implement control measures that employ a low-impact ("LID") approach. LID is a natural-resource-based alternative approach to site design that incorporates a variety of structural and non-structural techniques, such as vegetated areas that collect, treat, and infiltrate stormwater and shallow drainage channels that slow runoff and filter it.

## III.    MONITORING PROGRAM

11.     Gilbert Block shall comply with all applicable inspection, monitoring, and reporting requirements of the MSGP. This shall include but not be limited to in-house inspection of control structures and storage areas after rain events.

12.     Gilbert Block shall monitor and sample its stormwater runoff, including sheet flow pursuant to the MSGP for pollutants identified in the  MSGP for Sector E (Total Aluminum, Total Suspended Solids, and Total Iron) commencing on the Effective Date. This monitoring must be performed pursuant to the requirements of the MSGP and include, at a minimum, the stormwater collection areas where runoff is generated, received, stored, treated, or disposed of and that are exposed to either precipitation or stormwater runoff. Once Gilbert Block has obtained coverage under the MSGP in the future as set forth in Paragraph 4 of this Decree, Gilbert Block shall commence submitting Quarterly Discharge Monitoring Reports to EPA.

13.     During the term of this Decree, Gilbert Block shall send required Discharge Monitoring Reports to CLF. These Reports shall include Quarterly Discharge Monitoring Reports, which shall be sent to CLF on a quarterly basis, and an Annual Report, which shall be sent to CLF on a yearly basis. Quarterly Discharge Monitoring Reports and the Annual Report shall be accompanied by the attached Compliance Questionnaire Coversheet. Per Section 6.1.7 of the MSGP, due dates are:

Q1 (January-March): April 30
Q2 (April-June): July 30

3

Q3 (July-September): October 30
Q4 (October-December): January 30
Annual Report: January 30

For purposes of compliance with this paragraph, the reporting will not be required by this Decree until the reporting due date corresponding to the quarter directly following the quarter in which entry of this Decree takes place.

14.    During the first year after the Effective Date of this Decree, Gilbert Block shall implement and/or maintain control measures at the Facility as necessary to meet the benchmark levels for MSGP Sector E (Total Aluminum, Total Suspended Solids, and Total Iron). If, after the end of twelve months from the Effective Date of this Decree, quarterly monitoring result for any parameter exceeds Gilbert Block's 2015 MSGP benchmark levels under part 8.E, Gilbert Block agrees to pay stipulated additional Supplemental Environmental Project payments as set forth in Paragraph 19 of this Decree. Naturally occurring background levels for any compounds set forth in Sector E of the 2015 MSGP shall not be included in determining whether a benchmark exceedance has occurred.  Such stipulated additional Supplemental Environmental Project payments shall be calculated based on the number of monitoring parameters exceeded during a quarterly monitoring event, not on the number of discharge locations where a monitoring parameter is exceeded (*i.e.*, an exceedance of the TSS monitoring parameter at three separate discharge locations sampled during one quarterly monitoring event shall result in one stipulated additional Supplemental Environmental Project payment, rather than three).

15.    Unless otherwise agreed in writing, or by separate order of this Court, during the term of this Decree, neither CLF, nor its agents, representatives, employees, officers, directors, successors or assigns may enter Gilbert Block's and/or Province Road Properties' properties at any time. To the extent CLF inspects, photographs, or takes video of Gilbert Block's operations from other property during the term of this Decree, or samples water emanating from the Gilbert Block and/or Province Road Properties' properties, CLF shall provide a copy of such inspection report, photographs, video or sampling results to Gilbert Block within ten days after doing so.

16.    During the life of the Decree, Gilbert Block shall copy CLF on all documents related to stormwater quality or Clean Water Act compliance regarding the Facility submitted to the EPA. Such documents  shall be provided to CLF concurrently as they are sent to the EPA.

## IV.    ENVIRONMENTAL BENEFIT PAYMENT

17.    Gilbert Block shall make an environmental benefit payment to Mill City Park at Franklin Falls totaling Twenty Thousand Dollars ($20,000) within thirty days of the Effective Date of this Decree, for the environmental protection and restoration of, or other environmental benefit to, the EPA-designated Merrimack River watershed (which includes Laconia). Gilbert Block shall notify CLF in writing concurrently when the environmental benefit payment is made and provide a copy of the check.

18.    For each missed deadline included in this Decree, excluding payment deadlines discussed in Paragraph 22 below, Gilbert Block shall make an additional environmental benefit

4

payment to Mill City Park at Franklin Falls in the amount of One Thousand Dollars ($1,000) for the environmental protection and restoration of, or other environmental benefit to, the Merrimack River watershed.  CLF shall provide fourteen (14) days written notice and an opportunity to cure before such additional payment shall be due and owing. Payment of each such additional amount shall be due following the cure period, if Gilbert Block has not cured the violation.  Gilbert Block shall notify CLF in writing concurrently each time a payment is made and provide a copy of each check. Pursuant to Paragraph 43, below, Gilbert Block shall not be required to make such additional environmental benefit payment for missed deadlines arising from a Force Majeure event.

19.    For each exceedance of an MSGP benchmark as described in Paragraph 14 of the Decree, above, Gilbert Block will make an additional environmental payment to Mill City Park at Franklin Falls in the amount of Five Hundred Dollars ($500) for the environmental protection and restoration of, or other environmental benefit to, the Merrimack River watershed. Provided, however, CLF shall provide fourteen (14) days written notice and an opportunity to cure before such additional payment shall be due and owing.  Payment of each such additional amount shall be due following the cure period, if Gilbert Block has not cured the violation.  Gilbert Block shall notify CLF in writing concurrently when the environmental benefit payment is made and provide a copy of the check.

20.    None of the environmental benefit payments shall be disbursed to CLF.

## V.    STATUTORY ATTORNEY FEES AND COSTS

21.    Gilbert Block shall pay to CLF a total sum of Twenty Thousand Dollars ($20,000) within thirty days of the Effective Date of this Decree, as full and complete satisfaction of CLF's claim for attorney fees and costs incurred to date in this matter and for reasonable anticipated costs to be incurred in compliance monitoring and case management over the term of the Decree.

22.    In the event that any payment owed by Gilbert Block under the Decree is not made on or before the due date, Gilbert Block shall be deemed in default of its obligations under this Decree. In addition to a continued requirement to make said payment, Gilbert Block shall pay to CLF attorney fees of Five Hundred Dollars ($500) for every day that a payment is late. Provided, however, CLF shall provide fourteen (14) days written notice and an opportunity to cure before such additional payment shall be due and owing.  Payment of each such additional amount shall be due following the cure period, if Gilbert Block has not cured the violation.

## VI.    EFFECT OF DECREE

23.    CLF covenants not to sue, releases and discharges Gilbert Block and Province Road Properties (and their subsidiaries, affiliates, officers, directors, shareholders, representatives, assigns, agents, consultants, employees, officers, successors, assigns and attorneys, including those who have held positions in the past) from any and all claims, causes of action, or liability under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, for damages, penalties, fines, injunctive relief, past and future attorney fees, past and future costs, or any other claim or relief (i) relating to, resulting from or alleging noncompliance with the Clean Water Act

5

at the Facility occurring prior to the date the Court enters this Decree; (ii) for any violations that were alleged, or could have been alleged, in the Complaint; (iii) for the past conduct alleged to constitute violations in the CLF letter to Defendants dated July 16, 2018; and (iv) for past violations alleged in any CLF correspondence to Defendants dated prior to the date the Court enters this Decree concerning Defendants' facility and operations. Notwithstanding anything to the contrary contained herein, CLF retains all rights necessary to enforce the terms of this Decree against Gilbert Block, including by the filing of a lawsuit.

24.    Gilbert Block covenants not to sue, releases and discharges CLF (and its subsidiaries, officers, directors, trustees, representatives, assigns, agents, consultants, employees, officers, successors, assigns and attorneys, including those who have held positions in the past), and all claims, liability, demands, penalties, costs, and causes of action of every nature which concern or are connected with CLF's investigation of and actions regarding Gilbert Block.

25.    Neither this Decree, nor terms thereof, nor performance of the terms thereunder by Gilbert Block shall constitute or be construed as an admission or acknowledgment by Gilbert Block of the factual or legal assertions contained in this Decree or in CLF's Complaint, and Gilbert Block retains the right to controvert in any subsequent proceedings, other than proceedings for the purpose of implementing or enforcing this Decree, the validity of the facts or determinations contained in this Decree or the Complaint. Neither this Decree, nor terms thereof, nor performance of the terms thereunder, shall constitute or be construed as an admission or acknowledgment by Gilbert Block of any liability, or an admission of violation of any law, by Gilbert Block or by their officers, directors, employees, agents, successors, or assigns.

26.    CLF does not, by consent to the Decree, warrant or aver in any manner that Gilbert Block's compliance with this Decree will constitute or result in compliance with federal or state law or regulation. Nothing in this Decree shall be construed to affect or limit in any way the obligation of Gilbert Block to comply with applicable law and regulations governing any activity required by this decree.

## VII.    REVIEW AND TERM OF DECREE

27.    The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this Consent Decree cannot be entered until forty-five (45) days after the receipt of a copy of the proposed Consent Decree by the United States Attorney General and the EPA. Therefore, after the signing of this decree by the Parties, the Parties shall jointly inform the Court of the decree, and CLF shall serve copies of this Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5.

28.    Upon the expiration of the forty-five-day review period provided by 33 U.S.C. § 1365(c)(3), or upon DOJ's completion of its review process, whichever is sooner, the Parties will jointly move the Court for entry of this Decree. This Decree shall take effect on the date it is entered by this Court and shall terminate upon the following: (i) three years have passed from the Effective Date; and (ii) completion of all payment obligations set forth in this Decree. If for any reason the Court should decline to approve this Decree in the form presented, the Parties agree to

6

continue negotiations in  good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

## VIII.  MODIFICATIONS AND ENFORCEMENT OF DECREE

29.    This Decree may be modified only upon written consent of the Parties and the approval of the Court.

30.    This Consent Decree will remain in full force and effect between the Parties, and, in the event of a future dispute, either Party may institute, if necessary, a new action in the United States District Court for the District of New Hampshire to litigate their respective rights and obligations under this Decree.

## IX.  MISCELLANEOUS PROVISIONS

31.    This Decree shall remain in effect if Gilbert Block relocates the Facility to a different location, provided that the new location falls within the jurisdiction of the Clean Water Act.

32.    Sections I, IV, V, VII, VIII, and IX of this Decree shall remain in effect if Gilbert Block ceases to be the owner or operator(s) of the Facility, regardless of whether the Facility continues to operate or not.

33.    All payments pursuant to this Decree shall be made in the form of a business check. In the event that any business check submitted is returned due to insufficient funds, late payment penalties may apply and all subsequent payments shall be made in the form of a certified bank check.

34.    Entire Agreement. This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements, and understandings, whether oral or written, among the Parties.

35.    Notices. Any notice, demand, copies of documents and other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing and either (a) emailed, (b) personally served, (c) mailed by United States registered or certified mail, return receipt requested, postage  prepaid, or (d) sent by a nationally recognized courier service (e.g., Federal Express) for  next-day delivery, to be confirmed in writing by such courier. Notices shall be directed  to the Parties at their respective addresses set forth below. Notices given in the foregoing  manner shall be deemed given when (a) sent via email, (b) actually received or refused by  the party to whom sent if delivered by courier, or (c) if mailed, on the day of actual  delivery as shown by the addressee's registered or certified mail receipt or at the  expiration of three (3) business days after the date of mailing, whichever first occurs.

40.    Headings. The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

41.    Counterparts. Facsimile, electronic and scanned signatures shall be deemed to be originals for all purposes. Copies of the original Agreement, whether transmitted by facsimile or other means, shall be effective. This Agreement may be signed in counterparts.

42.    Severability. In the event that any of the provisions of this Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

43.    Force Majeure. For purposes of this Decree, a "Force Majeure event" is defined as any event arising from causes beyond the control of Gilbert Block, including its contractors and subcontractors, that delays or prevents the timely performance of any obligation under this Decree, except for obligations as provided in Paragraphs 17, 21, and 22 of this Decree, notwithstanding Gilbert Block's best efforts to avoid the delay. The deadline for the responsibility to perform any action under this Decree may be extended for up to the number of days of nonperformance caused by the Force Majeure event, provided that Gilbert Block complies with the notice requirements of this paragraph. Examples of events which may constitute Force Majeure events include unforeseeably severe weather events, natural disasters, and national, state or regional emergencies. Examples of events that are not Force Majeure events include, but are not limited to, normal inclement weather, unanticipated or increased costs or expenses of work, Gilbert Block's financial difficulty in performing such work and acts or omissions attributable to Gilbert Block's contractors or representatives.

If any Force Majeure event occurs which may delay or prevent the performance of any obligation under this Decree, Gilbert Block shall notify CLF, at the address specified in Paragraph 36 above, within five (5) business days after Gilbert Block first knows, or should know, that the event might cause a delay. This written notice to CLF shall include, without limitation: (i) an explanation of the causes of any actual or expected delay or noncompliance; (ii) the anticipated duration of delay; (iii) the measures taken and to be taken by Gilbert Block to prevent or minimize the delay or nonperformance; (iv) a proposed schedule for the implementation of such measures; and (v) a statement as to whether in the opinion of Gilbert Block the Facility can continue to operate in a manner which will not violate this Decree.

If CLF agrees that a delay or anticipated delay in performance is attributable to Force Majeure, the time for performance of the obligations under this Decree that are affected by the Force Majeure event shall be extended for the period of time reasonably necessary to allow performance of the obligation to the extent the delay was caused by a Force Majeure event.

**Conservation Law Foundation, Inc.**

By: _____    Date: __6/18/19__

Heather A. Govern
_____, Esq.
Conservation Law Foundation
62 Summer Street
Boston, MA 02110

**Del R. Gilbert & Son Block Co., Inc.**

By: _____    Date: __6/18/19__

Brian J Gilbert
_____, President
Del R. Gilbert & Son Block Co., Inc., President
427 Province Road
Laconia, NH 03246

Entered and Dated this 22nd day of Aug, 2019.

_____
Landya McCafferty
United States District Judge

10